IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAY ANTHONY WILLIAMS                                              PLAINTIFF

v.                                      5:11CV00029 BRW

MICHAEL ASTRUE, COMMISSIONER                                      DEFENDANT
OF SOCIAL SECURITY

## ORDER

Pending is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 16). Defendant has responded.[1] Plaintiff's Motion is GRANTED to the extent set out below.

Plaintiff asserts that he is a prevailing party under 28 U.S.C. § 2412(d) ("EAJA") and, as such, is entitled to attorney's fees. He asks for 38.3 hours worth of fees, and asks Defendant to pay the award directly to his lawyer. Defendant agrees that Plaintiff is entitled to attorney's fees, and does not object to the requested rate of $175 per hour.[2] Defendant, however, maintains that 38.3 hours is excessive and does not agree to pay any fee directly to Plaintiff's attorney.

**I.     Attorney's Fees**

Plaintiff asks for the following fees, among others:

| | | |
|---|---|---|
| 3/4/11 | U.S. Mail Service | 5/10 hour |
| 4/19/11 | Prepare Affidavits of Service | 7/10 hour |
| 4/20/11 | File Affidavits of Service | 3/10 hour |

Defendant contends that the total of these three time entries (1.50 hours) should be classified as clerical work and, as such, is not compensable under the EAJA. I agree.

---

[1] Doc. No. 18.

[2] *Id.*

1

"Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees."[3] In *Granville House, Inc. v. HEW*, the Eighth Circuit held that a movant was "not entitled to compensation for the fifteen hours of work which could have been done by support staff."[4] The Eighth Circuit has recognized the serving of summons by certified mail, receiving and calendaring a briefing schedule, and filing a brief, among other things, as clerical in nature and not compensable under the EAJA.[5] Plaintiff's fee request in connection with the U.S. Mail Service, preparation of affidavits of service, and filing of affidavits of service is noncompensable, as these are tasks that are clerical in nature. Plaintiff's request for 1.50 hours in connection with these tasks is DENIED.

Defendant also asserts that the 31.50 hours Plaintiff requests for reviewing the transcript in this case, and for researching, preparing, and filing Plaintiff's brief, is excessive because this case did not involve any unusual issues or a particularly lengthy transcript. Defendant maintains 25 hours would have been sufficient. After a careful review of the record, I agree that 31.50 hours is excessive, but find 28.5 hours is a reasonable total in connection with the related work.

Accordingly, Plaintiff is awarded 33.80 hours (38.30 hours - 1.50 hours - 3.00 hours) at $175 per hour for a total fee of $5,915.

## II.   Payment to Plaintiff

---

[3]*Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989)).

[4]No. 85-5395, 1987 U.S. App. Lexis 18348, at *8 (8th Cir. Mar. 6, 1987).

[5]*Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004).

Plaintiff assigned any awarded EAJA attorney's fees to his attorney, and asks that awarded fees be paid directly to his attorney.[6]  Defendant does not contest the assignment, even though it is invalid under the Anti-Assignment Act,[7] but points out that *Astrue v. Ratliff* [8] commands that an award of fees under the EAJA is payable to the plaintiff, not the plaintiff's attorney.  Again, I agree.  Accordingly, the $5,915 fee award is payable to Plaintiff.

IT IS SO ORDERED this 28th day of March, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 17; Doc. No. 17, Exs. E, F.

[7] 31 U.S.C. § 3727.  Under the Anti-Assignment Act, an assignment of claims against the United States is valid "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."  31 U.S.C. § 3727(b).  The assignment in these case does not meet § 3727(b)'s requirements, so it is not valid unless the Government was the Anti-Assignment Act, which it has not.

[8] 130 S. Ct. 2521, 2524 (2010).